UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LONNIE HUCKABONE,

          Plaintiff,

      -v-

CITY OF JAMESTOWN, N.Y., at al. ,

          Defendants.

**DECISION AND ORDER**
09-CV-602-A

## INTRODUCTION

The Plaintiff, Lonnie Huckabone, proceeding *pro se*, filed this action alleging violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 et seq., and his civil rights under 42 U.S.C. § 1983 (Docket No. 1).  On July 30, 2009, the Court ordered Plaintiff to file a response addressing why his RICO and § 1983 claims were not barred by the applicable statutes of limitations ("July 30 Order") (Docket No. 3). Plaintiff timely filed a response to the Court's order ("Response") (Docket No. 4).  For the reasons set forth below, the Court finds that Plaintiff's response provides no basis for tolling of the relevant limitations periods, and that Plaintiff's claims are time-barred and must be dismissed.

## BACKGROUND

Plaintiff's complaint alleges violations of RICO and § 1983 against 15 corporate and individual defendants.  In a lengthy narrative, Plaintiff sets forth his belief that a series of actions by the defendants, beginning in January, 1988, amounted to a conspiracy against him, in violation of RICO.  Plaintiff's allegations are reviewed extensively in the July 30 Order, familiarity with which is assumed. (*See* Docket No. 3 at 1-6).

As summarized in the July 30 Order, Plaintiff's factual allegations in support of his claims go back to 1988 and end in May 1990.  Plaintiff's complaint was thus filed in this Court over nineteen years later, well beyond the applicable statutes of limitations. (*Id.* at 6).  The statute of limitations for RICO claims is four years*. Agency Holding Corp. v. Malley-Duff & Assoc., Inc.*, 483 U.S. 143, 156, 107 S. Ct. 2759, 97 L. Ed. 2d 121 (1987).  The Second Circuit has applied a "discovery accrual rule"  in RICO cases, under which the limitations period begins to run "when the plaintiff discovers — or should reasonably have discovered — the alleged injury."  *McLaughlin v. American Tobacco Co.*, 522 F.3d 215, 233 (2d Cir. 2008), abrogated in part on other grounds by, *Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639, 128 S. Ct. 2131, 170 L. Ed. 2d 1012 (2008); *see also In re Merrill Lynch Ltd. Partnerships Litigation*, 154 F.3d at 56, 60 (2d Cir. 1998) (per curiam) ("[T]his Circuit has adopted an  'injury discovery'  rule in RICO cases which holds that a plaintiff's action accrues against a defendant for a specific

2

injury on the date that plaintiff discovers or should have discovered that injury.")
(internet citation omitted).  In addition, under Second Circuit precedent,  "the
RICO statute of limitations . . . runs even where the full extent of the RICO
scheme is not discovered until a later date, so long are there were 'storm
warnings'  that should have prompted an inquiry."  *World Wrestling Entertainment,
Inc. v. Jakks Pacific, Inc.* 328 F. App'x 695, 697 (2d Cir. 2009).  The Court's July
30 order set forth multiple instances in which Plaintiff's complaint makes clear
that  "storm warnings"  were evident, with the final one coming in May, 1990
(Docket No. 3 at 7-8).  The Court accordingly determined that the statute of
limitations applicable to Plaintiff's RICO claims had expired many years before
the filing of the complaint in this court.  The Court further determined that "[g]iven
the plethora of 'storm warnings'  plaintiff indicates that he had received
concerning the nature of defendants' conduct between 1988-90, it would not
appear that plaintiff can demonstrate that defendants' activities were fraudulently
concealed during the statute of limitations period or that he exercised 'due
diligence' in pursuing discovery of the RICO claims."  (Docket No. 3 at 8).  The
Court added that Plaintiff's complaint, on its face, did not appear establish any
other basis on which his RICO claims could be properly tolled. Plaintiff was thus
directed to address any such circumstances in his response. (Docket No. 3 at 8,
12).

The July 30 Order further determined that Plaintiff's numerous § 1983 claims also appeared to be time-barred by the appropriate statute of limitations. Claims under § 1983 are subject to a three year limitations period in New York. As noted above, Plaintiff's complaint alleges incidents giving rise to such claims occurring in May, 1990 or earlier.  The Court then summarized the circumstances under which the limitations period can be tolled under relevant New York statutory law (Docket No. 3. at 10), and directed that plaintiff show cause why his § 1983 claims should not be barred by the limitations period, and to provide any information that he believed would provide a basis for tolling the limitations period. (*Id.* at 12).

Finally, the July 30 Order advised plaintiff that even if the information he provided with respect to the statute of limitations period would suffice to allow his claims to go forward, the  "complaint will be [subject] to further *sua sponte* review by the Court to determine whether there are any additional bases to dismiss as frivolous plaintiff's claims against one or more of the defendants."  (*Id.* at 12-13).

## PLAINTIFF'S RESPONSE

Plaintiff timely filed a Response to the Court's July 30, order, consisting of an affirmation, supplemented by voluminous exhibits, several of which are attached as exhibits A-F to a copy of his Response, with the remainder contained in a binder consisting of over 300 pages of documents. (Docket No. 4).  Plaintiff

subsequently filed additional documents as exhibits, which pertain to a lawsuit plaintiff filed in Chautauqua County Supreme Court against the same individuals as those named defendants in the instant action.  (Docket Nos. 5-6, related to *Huckabone v. City of Jamestown*, et al., Index No. K1-2009-1131).[1]

While the first and last paragraphs of Plaintiff's Response note that the July 30 Order directed him to provide additional information relevant to the statutes of limitations applicable to both his RICO and ¶ 1983 claims (Docket No. 4, "Introduction", p. 1, ¶ 8, p. 5), the discussion thereafter references only RICO and the limitations period applicable to RICO claims (see id., ¶¶ 4, 5).

As noted *supra*, the statute of limitations for civil RICO claims is four years, and begins running  "when the plaintiff discovers — or should reasonably have discovered — the alleged injury." *McLaughlin*, 522 F.3d at 233.  As the Court also noted in the July 30 Order, Plaintiff's complaint chronicled many occasions on which he could  "reasonably have discovered"  the injuries supporting a RICO claim or claims.  The problem, however, is that none of these instances occurred less than 19 years before plaintiff filed the complaint in this matter.  (*See* Docket No. 3 at 7-8), meaning that the RICO claims were filed at least fifteen years after the expiration of the four year limitations period applicable to those claims.

---

[1]Plaintiff later filed what he captioned an "Amended Complaint."  (Docket No. 13).  The caption is a misnomer for in reality the Amended Complaint simply sets forth Plaintiff's objection to the length of time in which his case has been pending in this Court and demands that it be given expedited consideration due to his age.

Plaintiff's Response consists of a six-page statement supplemented, as noted above, by myriad exhibits intended to show the basis of plaintiff's belief that the defendants conspired and engaged in a pattern of activities over a period of years designed to harm his business activities and ventures, and to prevent him and those working for or representing him, through harassment and threats of retaliation, to "correct the wrong doings of certain individuals within the Jamestown Government System, who were responsible for Plaintiff's problems, only time and time again [to] reach road blocks.  The Plaintiff has been under attack only because he wanted the opportunity to operate a successful business and when the Plaintiff complained he was threatened."  (Docket No. 4 at ¶ 3).

The gravamen of the argument offered by Plaintiff as to why the statute of limitations applicable to his RICO claims should be tolled is that the harassment and conspiracies to which he was subjected by the defendants prevented him from obtaining counsel to press his claims.  While he concedes that he is subject to the four-year statute of limitations applicable to RICO claims, and that the statutory period began to run when he became aware, or should have realized, that he had been injured (Docket No. 4 at ¶ 4), he argues that he is "exempt from those rules" due to the ongoing harassment which prevented him from finding an attorney who could handle his case. (*Id.*).

Plaintiff cites numerous examples of this alleged intimidation and harassment in his response. Plaintiff alleges, for instance, that a local attorney

6

refused to take his case out of fear that  ". . . if [the attorney] took the Plaintiff's

case that [the attorney] would never work in Jamestown again"  (*id.* at ¶1); that

the Paralegal he engaged to analyze his case was threatened not to work on it;

(*id.* at ¶2); that there had been a  "plot by a friend of one of the defendants to kill

the plaintiff" (*id.* at ¶3(c)); that  "[t]he Plaintiff's son was . . .targeted, [t]he plaintiff

was possibly poisoned, non-factual charges filed against plaintiff, kerosene

dumped on plaintiff's property . . . the plaintiff's tire's punctured, harassment by

city code officials"  (*id* at ¶ 3(d)); and finally, that plaintiff had other legal trouble

with a building contractor, which Plaintiff "later learned from a very reliable

witness . . . was a plot to rip off the Plaintiff."  (*id.* at 3 (¶d)), internal citations

omitted).  Plaintiff's claims of harassment and intimidation on the part of the

defendants (amplified by the numerous exhibits to his Response), which are

alleged to have prevented him from obtaining counsel and timely proceeding with

his case, have, as the Court found with respect to the allegations set forth in his

complaint, an  "everything but the kitchen sink' quality to . . . allegations of

wrongdoing with respect of certain of the defendants." (Docket No. 3 at 6, n.2).[2]

Assuming that plaintiff was, in fact, subjected to the harassment and

_____

[2]Indeed, the sweeping nature of some of plaintiff's claims of harassment, retaliation and conspiracy, as originally set forth in his complaint, and restated in his Response and supporting exhibits would appear to constitute the type of "fantastic," and "baseless" allegations that would warrant dismissal of his claims as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous. *See  Denton v. Hernandez,* 504 U.S. 25, 33, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992)*;Neitzke v. Williams,* 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989).

intimidation that he alleges, this does not serve to "exempt" Plaintiff from the statute of limitations applicable to a RICO claim nor do plaintiff's allegations provide a basis to equitably toll the limitations period.

"A statute of limitations for RICO claims may be tolled due to the defendant's fraudulent concealment if the plaintiff establishes that: 1) the defendants wrongfully concealed material facts relating to their wrongdoing; 2) the concealment prevented plaintiff's discovery of the nature of the claim within the limitations period; and 3) the plaintiff exercised due diligence in pursuing discovery of the claim during the period plaintiff seeks to have tolled." *131 Main St. Assocs. v. Manko*, 54 Fed. Appx. 507, at *512, 2002 U.S. App. LEXIS 26788 (2d Cir., Dec. 20, 2002) (citing *Tho Dinh Tran v. Alphonse Hotel Corp.*, 281 F.3d 23, 36 (2d Cir. 2002)).  As stated by the Court in its July 30 order, "[g]iven the plethora of 'storm warnings' plaintiff indicates that he received concerning the nature of defendant's conduct between 1988-90, it would not appear that plaintiff can demonstrate that defendants' activities were fraudulently concealed during the statute of limitations period." (Docket No. 3 at 8).  Moreover, given the several references in the exhibits submitted by plaintiff in connection with his Response indicating that he was actively considering bringing RICO claims against the defendants as far back as 1990 and 1991 and that he had, in fact engaged an attorney (Duane Senstrom) to prosecute such claims (See Docket No. 4, tabbed exhibit "E"; bound exhibit binder at 11, 37), plaintiff cannot establish

8

that the defendants prevented him from discovering the nature of his RICO claims within the limitations period.  In short, Plaintiff's Response does not provide a basis to toll the RICO statute of limitations under the  "fraudulent concealment" principle.

To the extent that plaintiff alleges in his Response that he could not obtain attorney representation in this matter due to defendant threats of retaliation (Docket No. 4, ¶¶ 1, 2, 4), the Court will consider whether he would be entitled to equitable tolling based on duress.  The Second Circuit addressed whether equitable tolling based on duress is proper in a civil RICO case in *Riverwoods Chappaqua Corp. v. Marine Midland Bank*, 30 F.3d 339 (2d. Cir. 1994).  There, the Court of Appeals noted that cases decided under the Clayton Antitrust Act, 15 U.S.C. § 15, from which the RICO four-year statute of limitations was borrowed, "have taken a much narrower view of the tolling-by-duress principle" than applies under state law, and have held that  "the duress inherent in an antitrust violation does not toll the statute of limitations, for a contrary rule 'would preclude the application of any limitation to an ongoing antitrust violation in which plaintiffs could plausibly allege some aspect of coercion in the underlying scheme."  30 F.3d at 347 (quoting *Donahue v. Pendleton Woolen Mills, Inc.*, 633 F. Supp. 1423, 1442 (S.D.N.Y. 1986)).  The Second Circuit accordingly determined that  "a similar rule should apply in civil RICO actions, since, as with antitrust violations, duress and coercion almost always will be inherent in the RICO violation."  *Id.*

9

The Court concluded that an equitable tolling defense based on duress would be available to a plaintiff asserting a civil RICO violation "only when specific threats by the defendant are used to prevent the plaintiff from commencing a lawsuit at an earlier time." *Id.*

While Plaintiff's Response does, as previously noted, allege that attorneys he approached to represent him in this matter declined to do so for fear of retaliation, and that a paralegal who wished to assist him was subject to "harassment and conspiracies," Plaintiff's Response fails to identify specific threats by one or more of the defendants which prevented him from commencing a lawsuit based upon RICO claims during the relevant statutory period.  Indeed, the majority of Plaintiff's claims of harassment of him, his son and prospective legal representatives are based on allegations that the threats and harassing actions came from e.g., unnamed "City officials", or "a policeman", or an "off-duty policeman" or a "business acquaintance", (See Docket No. 4, tabbed exhibits at pp. 19, 20, 22, 24, 29, 30), none of whom are identified as a defendant in this action.

But even assuming that plaintiff received threats from, or was subjected to harassment or retaliation by one or more of the defendants, it is clear from plaintiff's submissions that such threats, etc. did not prevent him from commencing this lawsuit within the statutory period for a RICO claim.  To the contrary, the papers included in his binder of exhibits to his Response indicate

10

that: (a) his inability to obtain legal representation stemmed from the fact that attorneys who were apparently willing to represent him within the statutory period, at least one of whom recommended that he bring suit under RICO, would not handle the matter on a contingency basis, but required a retainer, which plaintiff apparently could not pay (Docket No. 4, exhibit binder at 11) and (b) he in fact did obtain legal representation from an attorney, Duane Stenstrom, to whom he paid a retainer in 1990  "to file a complaint against the city, a bank & an attorney under the RICCO [sic] statutes"  but with whom he subsequently had a falling out (Docket No. 4, exhibit binder at 37 [letter dated Oct. 30, 1991]).

In accordance with the foregoing analysis, the Court determines that Plaintiff's RICO claims are not eligible for equitable tolling, are time-barred and will be dismissed.

As previously noted, the July 30 order directed Plaintiff to address the issue of tolling his §1983 claims, which, on their face, are also clearly time-barred. Plaintiff's Response does not specifically address his § 1983 claims, nor are the allegations set forth in the Response germane to the grounds on which the limitations period for such claims can be tolled, as explained in the July 30 Order. (Docket No. 3 at p. 10). The Court accordingly finds that plaintiff has failed to establish entitlement to equitable tolling of  his §1983 claims, which are thus  time-barred and subject to dismissal.

## **CONCLUSION**

In accordance with the foregoing, the complaint is dismissed as time-barred. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*. 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED.**

s/ *Richard J. Arcara*

HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT

Dated:   August 19, 2014